| DISTRICT | OFF | DOCKET NO. | | | | | DIV | R | | | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T | 1183 | N | 1/4 | 03 | 06 | 87 | 3 | 441 | Y 3 | | 2706 | 01031 | 87T 1183 N |

CAUSE:

| PLAINTIFFS | | DEFENDANTS |
|---|---|---|
| JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES McBRIDE; and LOUIS HALL, JR. | v | COFFEE COUNTY BOARD OF EDUCATION |

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

**ATTORNEYS**

James U. Blacksher
~~465 Dauphin Street~~
~~Mobile, AL 36602~~
~~433-2000~~
5th Fl Title Bldg
300 21st St North
Birmingham, AL 35203
322-1100  (Per 9/1/88 Notice)

~~Larry Menefee~~
~~5th Floor, Title Bldg.~~
~~300 21st St., N~~
~~Birmingham, AL 35203~~
~~322-7300/322-7313~~  (Per 9/1/88 Notice)

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL  35233-2810
322-6631

Julius L. Chambers
~~Lani Guinier~~ Scherlyn Ifill
~~Pamela Karlan~~  (Per 9/1/88 Notice)
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY  10013 [212 219-1900]

James H. Weatherford, Jr.
WEATHERFORD & CARMICAHAEL
P. O. Box 1291
Enterprise, Al  36331
347-1314

~~Don Siegelman~~ ~~Jimmy Evans~~ Jeff Sessions
Alabama Attorney General

~~Susan Russ~~ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

~~David Boyd~~
~~BALCH & BINGHAM~~
~~P. O. Box 78~~
~~Montgomery, AL  36101~~
~~834-6500~~

[X] CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS

**FILING FEES PAID**

| DATE | RECEIPT NUMBER | C.D. NUMBER |
|---|---|---|
| | | |
| | | |

**STATISTICAL CARDS**

| CARD | DATE MAILED |
|---|---|
| JS-5 | 12/5/87  3/5/92 |
| JS-6 | ~~11/5/88~~ 6/5/93 |

UNITED STATES DISTRICT COURT DOCKET                    DC-111 (Rev: 1/87)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
|      |     | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/17/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET    (Atty James H. Weatherford, Jr.)

| PLAINTIFF | DEFENDANT | DOCKET NO. |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. RE: COFFEE COUNTY BOARD OF EDUCATION | 87-T-1183-N 85-T-1332-N |

PAGE ___ OF ____ PAGES

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 17 | | Coffee County Board of Education's selection of defendant subclass Option C. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 17 | | Plaintiffs and defendant class member Coffee County Board of Education's joint motion for notice and approval of proposed compromise and settlement [request for joinder as deft incorporated] (parties' proposed first order tentatively approving settlement and notice to class, proposed final order and proposed consent decree attached). Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| 26 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS joining Coffee County as a defendant; directing the defendant to cause the notice attached to this order to be published in The Elba Clipper and The Enterprise Ledger once a week for 3 successive weeks prior to 11/10/98; directing that maps of the districts shall be displayed in the central administrative office of the Coffee County Board of Education during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING that thereafter a hearing be conducted for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **11/20/87** at 2:00 p.m. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 8/26/87. |
| Sep. 14 | | **ORDER** as follows: (1) not later than **10/16/87** jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by **11/6/87** the plaintiff class shall file **responses** to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 20 | | ORDER and JUDGMENT **appointing Hon. Charles S. Coody,** U. S. Magistrate, Middle District of Alabama, **additional special master** with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |

**OVER**

DC 111A (Rev. 1/75)

OPTION C

CIVIL DOCKET CONTINUATION SHEET (Atty James H. Weatherford, Jr.)

| PLAINTIFF | DEFENDANT | 87-T-1183-N |
|---|---|---|
| JOHN DILLARD, et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N |
| | RE: COFFEE COUNTY BOARD OF EDUCATION | PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 30 | | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures precribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwen Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| 20 | | **HEARING** - PROPOSED SETTLEMENT. |
| 20 | | Courtroom Deputy's minutes of hearing on proposed settlement; lists of witnesses and exhibits attached. |
| 1988 Mar. 10 | | Magistrate Carroll's RECOMMENDATION that the plan submitted by the parties should be implemented as the court's own interim plan for the conduct of the imminent primary elections. (Copies mailed to counsel.) EOD 3/10/88. |

OVER

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD, et al. | DEFENDANT<br>COFFEE COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1183-N<br>PAGE 4 OF ___ PAGES |
|---|---|---|

| DATE<br>1988 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 10 | | ORDER (1) approving and adopting the finding and recommendation of the Magistrate; and (2) adopting the proposed consent decree previously submitted by the parties as the court's own **interim** plan for the conduct of the primary elections. (Copies mailed to counsel.) EOD 3/10/88. |
| Apr. 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred to Judge Thompson. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, <u>all</u> Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows:<br>1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by **5/30/88** provide liaison counsel with a statement of its objection. 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF<br>JOHN DILLARD; et al. | DEFENDANT<br>COFFEE COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1183-N<br>PAGE 5 OF ___ PAGES |
|---|---|---|

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| Oct. 24 | | Received cy of U. S. Department of Justice's ltr to defendant re preclearance. Referred to Magistrate Carroll. |
| 31 | | Magistrate Carroll's FINDING AND RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) EOD 10/31/88. |
| 31 | | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) EOD EOD 10/31/88. |
| 31 | C | CONSENT DECREE **ENJOINING** defendant, its agents, etc., from conducting the elections for the Coffee County Board of Education under the present at-large system FURTHER **ENJOINING** as follows: (1) Elections shall be conducted from 7 single-member districts which shall correspond with the 7 districts used for election of the Coffee county Commission; description of districts attached; members so elected shall continue to have six year staggered terms; (2) Elections from single-member districts shall be conducted as follows: In 1988 elections would be held in Districts 5, 4 and 2. In 1990 elections would be held in Districts 1 and 7. In 1992 elections would be held in Districts 3 and 6; board members would continue to serve 6-year staggered terms; (3) Following final approval of a plan by this court, the Coffee County Board of Education shall request the Legislature to enact the finally approved single-member district plan as state law; finally approved court-ordered plan shall remain in effect only until the Legislature of Alabama or other authority acting under state law adopts a plan which meets the requirements of the law and Constitution of the United States; (4) plaintiffs are prevailing parties for the purpose of ward of attorneys' fees and expenses. (Copies mailed to counsel.) EOD 10/31/88. |
| 1992 Jan. 27 | | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. **DENIED 5/28/93.** |
| Feb 6 * | | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |
| Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant. Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| *Feb. 24 | | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET  (Atty. James H. Weatherford, Jr.)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1183-N |
|---|---|---|
| JOHN DILLARD, et al. | COFFEE COUNTY BOARD OF EDUCATION | PAGE 6 OF ___ PAGES |

| DATE 1992 | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 4 | | Defendant's **response** to show cause order. Referred to Judge Thompson. |
| 12 | | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join. Referred to Judge Thompson. |
| 20 | | **Proposal** of plaintiffs and liaison counsel. Referred to Judge Thompson. |
| Apr 9 | | ORDER adopting the following Status Groups of cases: J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided data on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdiction's plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L submit sufficient data to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions which dispute the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames; that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted. (Copies mailed to counsel.) EOD 4-9-92. |
| | 9 | ORDER that pltfs' motion to join Atty. Gen. as a deft is denied. (Copies mailed to counsel.) EOD 4-9-92. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD; et al. | COFFEE COUNTY BOARD OF EDUCATION | DOCKET NO. 87-T-1183-N<br>PAGE 7 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| **1993**<br>May 28 | C | **ORDER** denying without prejudice plaintiffs' motion for further relief filed 1/27/93, with leave to renew at a later time; that, if renewed, the motion shall relate back to the original motion of 1/27/92, and shall be subject to all orders, pleadings, agreements, etc., entered into by the parties since 1/27/92; that the court retains jurisdiction in all the above cases. (Copies mailed to counsel.) |
| **1994**<br>Apr 5 | | Parties' joint **motion** for approval of settlement (proposed consent decree attached). Referred to Judge Thompson.<br>**GRANTED 4-14-94** |
| 14 | | **ORDER** granting parties' joint motion for approval of settlement. (Copies mailed to counsel). EOD 4-14-94 |
| May 12 | | **CONSENT DECREE** rendered 4/14/94 enjoining the defendant, its agents, attorneys, employees, and those acting in concert with them or at their direction as further set out; preliminarily approving the redistricting plan proposed by the plaintiffs and agreed to by the defendant, which modifies the single-member district plan for the Coffee County Board of Education; that the chair of the Board of Education shall forthwith inform the county commission and the probate judge of the plan approved by this order; that the defendant shall submit this plan promptly to the Justice Department for preclearance under Section 5 of the Voting Rights Act; that the plaintiffs are prevailing parties for the purpose of the award of attorneys' fees and expenses; that the Court hereby assesses an award of $2500 against the defendant, and that the defendant pay said sum forthwith to the plaintiffs' attorneys by check made payable to Edward Still Trust Account. (Copies mailed to counsel) EOD 5/12/94. (Exhibit A, map, attached) |
| **1996**<br>Mar. 25 | | **JOINT MOTION** to correct mistake in Consent Decree; referred to Judge Thompson.<br>**GRANTED 4/1/96** |
| Apr. 1 | | **ORDER** granting joint motion to correct mistake (Copies mailed to counsel) |

Closed