IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN DILLARD, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:87cv1183-MHT |
| COFFEE COUNTY BOARD OF EDUCATION, | ) | (WO) |
| | ) | |
|    Defendant. | ) | |

FINAL JUDGMENT

Pursuant to the joint motion to show cause as to why this case should not be dismissed (Doc. No. 2), an order was entered on March 5, 2007 (Doc. No. 3), directing defendant Coffee County Board of Education to show cause, if any there be, in writing by May 4, 2007, as to why said motion should not be granted. No response has been filed by defendant.

There being no objection to the show-cause order and the final dismissal of this action, and Alabama Act No. 2006-252 having received preclearance, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to show cause as to why this case should not be dismissed (Doc. No. 2) is granted.

(2) It is DECLARED as the judgment of this court that Alabama Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree the court entered October 31, 1998, providing that the Coffee County Board of Education consist of seven members elected from single-member districts for staggered six-year terms.

(3) The injunction contained in the prior judgment of the court to the extent it pertains to defendant Coffee County Board of Education is dissolved.

(4) All claims against defendant Coffee County Board of Education in this action are dismissed.

**The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.**

**DONE, this the 8th day of May, 2007.**

                              **  /s/ Myron H. Thompson  **
                              **UNITED STATES DISTRICT JUDGE**